# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY SMITH, | CASE NO. 1:11-CV-00361-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF PLAINTIFF'S ACTION FOR FAILURE TO STATE A CLAIM (DOC. 9) |
| v. | |
| T. GONZALES, III, et al., | OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |
| Defendants. | |

## Screening Order

**I.   Background**

Plaintiff Andy Smith ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on March 3, 2011. Doc. 1. The Court dismissed the complaint with leave to amend on September 19, 2011. Plaintiff filed a first amended complaint on October 12, 2011. Doc. 9.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it is legally "frivolous, malicious or fail to state a claim upon which relief may be granted" or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any

1

portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

## II.  Summary Of First Amended Complaint

Plaintiff was previously incarcerated at California State Prison at Corcoran ("CSP-Cor"), where the events giving rise to this action occurred.  Plaintiff names T. Gonzales III, a correctional sergeant, as the sole Defendant.[1]

In the amended complaint, Plaintiff alleges the following: Defendant Gonzales falsely claimed that Plaintiff had threatened him without evidence to support the charge.  As a result, Plaintiff was placed in "Ad-Seg" housing where he was subjected to "harsh, inhumane and degrading conditions" that exacerbated his mental health illness.

Plaintiff also alleges that his personal property was withheld from him for more than two months.  When his property was returned, most of it was missing.  Plaintiff contends that Defendant Gonzales acted with deliberate indifference to Plaintiff's emotional and psychological pain by deliberately disposing of Plaintiff's personal property.

Plaintiff alleges a violation of the Eighth Amendment.  He requests compensatory and punitive damages, along with injunctive relief for the return of good time credits.

---

[1] Plaintiff no longer asserts any claims against A. Baer, who was named as a defendant in the original complaint.

III. **Analysis**

**Eighth Amendment**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Mere negligence on the part of the official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

Here, Plaintiff fails to allege any cognizable Eighth Amendment claims. Plaintiff contends that Defendant Gonzales falsely claimed that Plaintiff had threatened him, which resulted in an administrative segregation placement. Plaintiff also contends that Defendant Gonzales disposed of his personal property. These contentions do not demonstrate deliberate indifference to a substantial risk of serious harm to Plaintiff.

Plaintiff has attached an inmate appeal form ("CDC 602"), which details events from April through October 2009, along with responses to his appeal, property inventories, parts of his general chrono file regarding loss of privileges and an inmate work supervisors time log. These exhibits do not support a claim for deliberate indifference in violation of the Eighth Amendment. At most, the exhibits demonstrate that Defendant Gonzales yelled or screamed at Plaintiff on various occasions in April, May and July 2009. Doc. 9 pp. 7-8. Verbal harassment does not violate the Eighth Amendment. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996).

The exhibits also suggest that Defendant Gonzales withheld certain boxes of Plaintiff's property. The boxes were located and Plaintiff was provided an opportunity to retain six (6)

cubic feet of property.  For those items missing and for which Plaintiff provided proof of ownership, he was to be afforded equitable reimbursement.  Doc. 9 pp. 12-18.  Plaintiff's property claim does not constitute an extreme deprivation in violation of the Eighth Amendment. *Hudson*, 503 U.S. at 9.

### IV. Conclusion And Recommendation

Plaintiff fails to state a cognizable § 1983 claim against the Defendant.  Plaintiff was previously provided leave to amend to cure the deficiencies identified herein, but was unable to do so.  Further leave to amend will not be granted.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Accordingly, it is HEREBY RECOMMENDED that:

1. This action be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983; and

2. The Clerk of the Court be directed to close this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 30, 2012**              /s/ Dennis L. Beck
                                        UNITED STATES MAGISTRATE JUDGE